**UNITED STATES of America, Plaintiff and Appellee,**

v.

**Luis Kaiser PEYTON, Appellant.**

**UNITED STATES of America, Plaintiff and Appellee,**

v.

**Jose Agusto MARIN, Appellant.**

**Nos. 71-1740, 71-2157.**

United States Court of Appeals, Ninth Circuit.

Dec. 17, 1971.

Rehearing Denied in No. 71-1740 March 2, 1972.

Phillip DeMassa, San Diego, Cal., for appellant Luis Kaiser Peyton.

Paul Newberry, La Jolla, Cal., for appellant Jose Agusto Marin.

Harry D. Steward, U. S. Atty., Stephen G. Nelson., Asst. U. S. Atty. & Acting Chief, Crim.Div., Phillip W. Johnson, Sp. Asst. U. S. Atty., San Diego, Cal., for plaintiff and appellee.

Before CHAMBERS, DUNIWAY and TRASK, Circuit Judges.

PER CURIAM:

The judgments of conviction as to each defendant and as to each count are affirmed.

The counts involved the transportation of aliens, 8 U.S.C. § 1324.

A question of sufficiency of the evidence as to each defendant is raised. We find the evidence adequate.

The evidence showed that Marin launched the enterprise and Peyton carried it out. One Madden, later a government witness, was the intermediary.

Counsel seems to make the invalid assumption that the defendants had to be believed. This is simply not so. Also, the trier of fact could have drawn affirmative inferences of knowledge and intent from the denials made by the two defendants while on the stand.

 Marin claims that he was prejudiced by the failure of the government to produce one of the four aliens transported. He relies on United States v. Mendez-Rodriquez, 9 Cir., 1971, 450 F.2d 1. But in Mendez-Rodriquez the government apparently "returned" the witness to Mexico. Here the record is silent. So we do not know what happened to the missing alien. And we should not speculate. As it was, the government lost two counts of its indictment because of the absence of the fourth alien.